UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CV-61018-UNGARO/O'SULLIVAN

D.W. HUGO, Derivatively on behalf of
Nominal Defendant BANKATLANTIC
BANCORP, INC.,

    Plaintiff,

v.

ALAN B. LEVAN, JARETT S. LEVAN,
JAY C. MCCLUNG, MARCIA K. SNYDER,
VALERIE TOALSON, JAMES A. WHITE,
JOHN E. ABDO, D. KEITH COBB, STEVEN
M. COLDREN and DAVID A. LIEBERMAN,

    Defendants,

and

BANKATLANTIC BANCORP, INC.,

    Nominal Defendant.
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT**

Nominal Defendant BankAtlantic Bancorp, Inc. ("BankAtlantic")[1] and individual Defendants Alan B. Levan, Jarett S. Levan, Jay C. McClung, Marcia K. Snyder, Valerie Toalson, James A. White, John E. Abdo, D. Keith Cobb, Steven M. Coldren, and David A. Lieberman (collectively, "Defendants") by and through the undersigned attorneys, hereby file their Answer and Affirmative

---

[1] Unless otherwise noted, BankAtlantic is used herein to refer to BankAtlantic Bancorp, Inc., the publicly traded entity, and its wholly owned subsidiary, BankAtlantic.

Defenses to Plaintiff's Verified Shareholder Derivative Complaint ("Complaint"), and deny each and every allegation not expressly admitted.

## NATURE OF THE ACTION

1. Defendants deny the allegations of Paragraph 1, except Defendants admit that Plaintiff purports to bring this action derivatively for the benefit of BankAtlantic against certain members of BankAtlantic's Board of Directors (the "Board") and certain of its executive officers.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied. The contents of the October 25, 2007 Form 8-K containing the press release are as contained therein and must be read in their entirety.

7. Denied.

8. Denied.

9. Denied.

## JURISDICTION AND VENUE

10. Admitted.

11. Defendants deny the allegations of Paragraph 11, except Defendants admit that venue is proper.

## PARTIES

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 12 and, therefore, deny the same.

-2-

13. Defendants deny the allegations of Paragraph 13, except Defendants admit the allegations contained in the first, second, and third sentences.

14. Defendants admit the allegations of Paragraph 14, except with respect to the fourth sentence, Defendants deny that the Major Loan Committee was responsible for approving each of the Commercial Real Estate loans in the builder land bank, land acquisition and development, and land acquisition, development and construction loan categories.

15. Defendants admit the allegations of Paragraph 15, except with respect to the fourth sentence, Defendants deny allegations contained therein and state that Jarett S. Levan was a member of the Major Loan Committee at certain times.

16. Defendants admit the allegations of Paragraph 16, except with respect to the third sentence, Defendants deny allegations contained therein and state that Mr. McClung was a member of the Major Loan Committee at certain times.

17. Defendants admit the allegations of Paragraph 17, except with respect to the first sentence, Defendants deny allegations contained therein and state that Ms. Snyder was a member of the Major Loan Committee at certain times.

18. Defendants admit the allegations of Paragraph 18, except with respect to the first sentence, Defendants deny that Ms. Toalson has served as BankAtlantic Bancorp, Inc.'s CFO since January 23, 2007.

19. Defendants admit the allegations of Paragraph 19, except with respect to the first sentence, Defendants deny that Mr. White served as BankAtlantic Bancorp, Inc.'s CFO until February 2006.

20. Admitted.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ■ 150 West Flagler Street ■ Miami, FL 33130 ■ 305-789-3200

21. Defendants admit the allegations of Paragraph 21, except with respect to the first sentence, deny allegations contained therein and state that Mr. Cobb was a member of the Audit Committee of the Board at certain times and is a citizen of Florida.

22. Defendants admit the allegations of Paragraph 22, except with respect to the first sentence, Defendants deny allegations contained therein and state that Mr. Coldren was a member of the Audit Committee at certain times.

23. Admitted.

24. Admitted.

## DUTIES OF THE INDIVIDUAL DEFENDANTS

25. The allegations of Paragraph 25 state legal conclusions to which no response is required and are, therefore, denied. The duties of officers, directors, and fiduciaries are as defined by law.

26. Defendants deny the allegations of Paragraph 26, except Defendants admit that each of the individual Defendants at various times had material non-public information regarding BankAtlantic.

27. The allegations of Paragraph 27 state legal conclusions to which no response is required and are, therefore, denied. The duties of officers and directors are as defined by law.

28. Denied.

29. The contents of the Audit Committee Charter are as contained therein and must be read in their entirety.

30. Denied.

-4-

## SUBSTANTIVE ALLEGATIONS

31. Denied.

32. Defendants deny the allegations of Paragraph 32, except Defendants admit that John E. Abdo, Alan B. Levan, Jarett S. Levan, Jay C. McClung, and Marcia K. Snyder were members of the Major Loan Committee at certain times.

33. Denied.

34. Defendants deny the allegations of Paragraph 34, except Defendants admit that the character of the borrower was one of many factors considered when deciding whether to make a loan.

35. Denied.

36. Defendants deny the allegations of Paragraph 36, except Defendants admit that exception reports were created that reflected incomplete or outdated documentation for certain loans.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences and, therefore, deny the same.

42. Denied. The contents of the March 23, 2006 *Sarasota-Herald Tribune* article are as contained therein and must be read in their entirety.

43. Denied.

44. Denied.

45. Defendants deny the allegations of Paragraph 45, except Defendants admit the first sentence and further deny that the Steeplechase loan was funded with knowledge that any material conditions had not been met.

46. Defendants deny the allegations of Paragraph 46, except Defendants admit that Husani has fled the country.

47. Denied.

48. Denied. The contents of the December 14, 2006 *Tampa Tribune* article are as contained therein and must be read in their entirety.

49. Denied. The contents of the December 15, 2006 *Tampa Tribune* article are as contained therein and must be read in their entirety.

50. Denied.

51. Defendants deny the allegations of Paragraph 51, except Defendants admit that opinions were expressed about how to further improve lending practices and methods.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street ▪ Miami, FL 33130 ▪ 305-789-3200

60.   Denied.

61.   Denied.

62.   The contents of the October 19, 2005 Form 8-K containing the press release are as contained therein and must be read in their entirety.

63.   The contents of the January 25, 2006 Form 8-K containing the press release are as contained therein and must be read in their entirety.

64.   Denied. The contents of the March 16, 2006 Form 10-K are as contained therein and must be read in their entirety.

65.   The contents of the April 26, 2006 Form 8-K containing the press release are as contained therein and must be read in their entirety.

66.   Denied. The contents of the May 10, 2006 Form 10-Q are as contained therein and must be read in their entirety.

67.   The contents of the July 19, 2006 Form 8-K containing the press release are as contained therein and must be read in their entirety.

68.   The contents of the October 18, 2006 Form 8-K containing the press release are as contained therein and must be read in their entirety.

69.   Denied. The contents of the October 19, 2006 conference call are, to the extent accurately and fully transcribed, as contained therein and must be read in their entirety.

70.   The contents of the January 31, 2007 Form 8-K containing the press release are as contained therein and must be read in their entirety.

71.   Denied. The contents of the February 1, 2007 conference call are, to the extent accurately and fully transcribed, as contained therein and must be read in their entirety.

72.     Denied. The contents of the April 25, 2007 Form 8-K containing the press release are as contained therein and must be read in their entirety.

73.     The contents of the July 24, 2007 Form 8-K containing the press release are as contained therein and must be read in their entirety.

74.     Denied. The contents of the Form 10-Qs and Form 10-Ks are as contained therein and must be read in their entirety.

75.     Denied.

76.     Denied. The contents of the October 25, 2007 Form 8-K containing the press release are as contained therein and must be read in their entirety.

77.     Denied. The contents of the TheStreet.com article are as contained therein and must be read in their entirety.

## DERIVATIVE ALLEGATIONS

78.     Defendants reallege and incorporate herein by reference their responses to all of the foregoing paragraphs of Plaintiff's complaint.

79.     Defendants deny the allegations of Paragraph 79, except Defendants admit that Plaintiff purports to bring this action derivatively for the benefit of BankAtlantic against certain members of the Board and certain of its executive officers.

80.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, deny the same.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, deny the same.

82.     Denied. The contents of the January 25, 2008 letter are as contained therein and must

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ■ 150 West Flagler Street ■ Miami, FL 33130 ■ 305-789-3200

be read in their entirety.

83. Denied. The contents of the April 16, 2008 letter are as contained therein and must be read in their entirety.

84. Defendants deny the allegations of Paragraph 84, except with respect to the first sentence Defendants admit that the Board did not form a Special Committee to investigate the allegations.

85. Denied.

## COUNT I

### AGAINST ALL INDIVIDUAL DEFENDANTS
### FOR BREACH OF FIDUCIARY DUTY OF GOOD FAITH

86. Defendants reallege and incorporate herein by reference their responses to all of the foregoing paragraphs of Plaintiff's complaint.

87. The allegations of Paragraph 87 state legal conclusions to which no response is required and are, therefore, denied. The duties of officers, directors, and fiduciaries are as defined by law.

88. Denied.

89. Denied.

90. Denied.

### AFFIRMATIVE DEFENSES

Defendants will rely on all defenses available to them at the time of trial of this matter and reserve the right to amend their Answer and Affirmative Defenses. For their affirmative defenses, defendants allege as follows, without assuming the burden of proof where the burden is otherwise

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street ▪ Miami, FL 33130 ▪ 305-789-3200

on Plaintiff:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim upon which relief can be granted. Plaintiff's pre-suit demand on BankAtlantic's board of directors was legally insufficient, *see, e.g.,* Fla. Stat. § 607.07401, and the allegations regarding the demand, and the board's refusal of the demand, do not comply with Rule 23.1. The Complaint also does not allege conduct entitling Plaintiff to relief under Florida law or Rule 8, and the allegations do not satisfy the particularity requirements of Rule 9(b).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff does not have standing to bring this action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is not ripe.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the business judgment rule.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because Defendants' actions were entirely fair.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the Florida Business Corporation Act (Florida Statutes § 607.0101, *et seq.*), including but not limited to Florida Statute §§ 607.0830, 607.0831.

### SEVENTH AFFIRMATIVE DEFENSE

Pursuant to Florida Statute § 768.81, any liability of defendants must be apportioned based on comparative fault, including that of Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because factors, other than the alleged misconduct, including but not limited to the condition and volatility of the stock market and economy, and business and industry conditions, were the actual and/or legal cause of Plaintiff's alleged damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's loss, damage, or injury, if any, is speculative and not recoverable.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations and the doctrine of laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of estoppel because, among other things, Plaintiff delayed after receiving notice of potential wrongdoing before attempting to make a demand of the Board of Directors and further delayed filing this lawsuit until approximately three months after the Board had responded to his demand. Defendants reasonably relied on Plaintiff's conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of ratification.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street ▪ Miami, FL 33130 ▪ 305-789-3200

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because there were no material misrepresentations or omissions.

WHEREFORE, Defendants request the entry of judgment in their favor, an award of attorneys' fees and costs pursuant to Florida Statute § 607.07401(5) and any other applicable authority, and such other relief as the Court deems just and proper.

Respectfully Submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

s/ Eugene E. Stearns
EUGENE E. STEARNS
Florida Bar No. 149335
estearns@swmwas.com
RICHARD JACKSON
Florida Bar No. 898910
rjackson@swmwas.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@swmwas.com
GORDON M. MEAD, JR.
Florida Bar No. 49896
gmead@swmwas.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or other approved means.

s/ Gordon M. Mead, Jr.
GORDON M. MEAD, JR.

## SERVICE LIST

*D. W. Hugo v. Bankatlantic Bancorp, Inc., et al.*
CASE NO. 08-CV-61018-UNGARO/O'SULLIVAN
United States District Court for the Southern District of Florida

James P. Gitkin
Eric T. Salpeter
SALPETER GITKIN, LLP
Museum Plaza - Suite 503
200 South Andrews Avenue
Fort Lauderdale, FL 33301
Tel: (954) 467-8622
Fax: (954) 467-8623
*Attorneys for Plaintiff*

Jeffrey J. Angelovich
NIX, PATTERSON & ROACH, LLP
3600 B. North Capital of Texas Highway
Suite 350
Austin, TX 78746
Tel: (512) 328-5333
Fax: (512) 328-5335
*Attorneys for Plaintiff*

Bradley E. Beckworth
Susan Whatley
Brad Seidel
NIX, PATTERSON & ROACH, LLP
205 Linda Drive, PO Box 769
Daingerfield, TX 75638
Tel: (903) 645-7333
Fax: (903) 645-5389
*Attorneys for Plaintiff*

John C. Goodson
KEIL GOODSON, P.A.
406 Walnut Street
PO Box 618
Texarkana, AR 71854
Tel: (870) 772-4113
Fax: (870) 773-2967
*Attorneys for Plaintiff*

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street ▪ Miami, FL 33130 ▪ 305-789-3200