UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CV-61018-UNGARO/SIMONTON

D.W. HUGO, Derivatively on behalf of
Nominal Defendant BANKATLANTIC
BANCORP, INC.,

    Plaintiff,

v.

ALAN B. LEVAN, JARETT S. LEVAN,
JAY C. MCCLUNG, MARCIA K. SNYDER,
VALERIE TOALSON, JAMES A. WHITE,
JOHN E. ABDO, D. KEITH COBB, STEVEN
M. COLDREN and DAVID A. LIEBERMAN,

    Defendants,

and

BANKATLANTIC BANCORP, INC.,

    Nominal Defendant.
_____/

## ORDER ON MOTION TO COMPEL

THIS CAUSE is before the Court upon Plaintiff's Motion to Compel Documents Identified in Defendants' Initial Disclosures, filed June 18, 2009 (D.E. 56).

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises. Plaintiff asks this Court to compel Defendants to produce documents identified in their initial disclosures. Defendants have refused to provide the documents on the basis that Plaintiff did not formally request the documents under Fed. R. Civ. P. 34. Plaintiff admits that he did not make any formal requests for discovery, but nonetheless

argues that Defendants should be compelled to produce the documents because (1) there was insufficient time to make the formal requests due to the impending discovery deadline, (2) informal requests are a proper method of obtaining documents under the Advisory Committee Notes.[1]

The Court notes that Plaintiff commenced this action almost one year ago. The parties were advised on September 12, 2008, that, notwithstanding the fact that there was a discovery stay in the related case *Hubbard v. BankAtlantic Bancorp., Inc., et al.,* there was no just reason why discovery or motion practice should not proceed in this case. (D.E. 21.) The parties were then advised that the discovery cut-off was June 19, 2009. (*Id*.) Just weeks before the June 19, 2009 deadline, Plaintiff sought a six-month extension of all dates in the Court's September 12th Scheduling Order, which the Court denied. (*See* D.E. 48.) Plaintiff then sought reconsideration of that Order, which the Court also denied. (D.E. 51.) Now, on the day before the discovery cut-off, Plaintiff is seeking to compel discovery that it never formally requested during the discovery period.

Plaintiff does not indicate when or in what manner he made his informal requests for discovery. Rather, he attaches to the Motion a letter sent to Defendant's counsel, which represents nothing more than his counsel's request regarding the *format and the manner* in which electronically stored information should be produced. (*See* Motion, Ex. 2.) Moreover, Plaintiff

---

[1] The Advisory Committee Notes to Fed. R. Civ. P. 26 (1993) states, in pertinent part:

> Of course, in cases involving few documents a disclosing party may prefer to provide copies of the documents rather than describe them, and the rule is written to afford this option to the disclosing party. If, as will be more typical, only the description is provided, the other parties are expected to obtain the documents desired by proceeding under Rule 34 or through informal requests.

This Advisory Committee Note, however, does not indicate whether a party can seek to *compel* discovery based on an informal request; it simply recognizes that discovery may be produced through informal requests.

does not represent that Defendant ever agreed to produce information. Instead, it appears that Defendants' position has been consistent throughout this case: They will produce documents upon formal requests made under Fed. R. Civ. P. 34. (*See* Motion, Ex. 3.)

The Discovery Practices Handbook (adopted by this District as Appendix A to the Local Rules) states, in pertinent part:

> As a practical matter, many lawyers produce or exchange discovery materials upon informal request, often confirmed by letter. Naturally, a lawyer's word once given, that an item be produced, is the lawyer's bond and should be timely kept . . . Depending upon the form in which they are made, however, **informal requests may not support a motion to compel.**

L.R. S.D. Fla. Discovery Practices Handbook III.A.4 (emphasis added). Additionally, courts have denied motions to compel production of documents where the movant failed to make a formal discovery request. *See, e.g., James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006) (collecting cases). Accordingly, the Court will not order Defendant to compel documents that were not formally requested.

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion (D.E. 56) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of June, 2009.

_____
URSULA UNGARO
UNITED STATES DISTRICT

copies provided:
counsel of record

3