**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-61018-CIV-UNGARO**


D.W. HUGO, Derivatively on behalf of
Nominal Defendant BANKATLANTIC
BANCORP, INC.,

      Plaintiff,

v.

ALAN B. LEVAN, JARETT S. LEVAN,
JAY C. MCCLUNG, MARCIA K. SNYDER,
VALERIE TOALSON, JAMES A. WHITE,
JOHN E. ABDO, D. KEITH COBB, STEVEN
M. COLDREN and DAVID A. LIEBERMAN,

      Defendants,


and


BANKATLANTIC BANCORP, INC.,

      Nominal Defendant.
_____/

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO ALBERT R. FELDMAN'S**
**MOTION TO INTERVENE AND STAY PROCEEDINGS**

**I.     Introduction**

     Mr. Feldman's motion is an untimely and inappropriate attempt to disrupt the settlement

reached by the actual parties to this litigation — a settlement that, undeniably, is in the best interest

of the nominal corporate Defendant and all concerned. The motion does not come close to meeting

the requirements for intervention. And, the supposed purpose for intervening — to stop and close

this case — is directly contrary to controlling Supreme Court precedent establishing that such relief is warranted only in exceptional circumstances. None of those circumstances are present here.

Feldman filed a derivative complaint in Broward County state court three months after the July 2, 2008 filing of the complaint in this action. That state court complaint is essentially a mirror image of the complaint in this case. Consequently, under Florida law,[1] the state court action was subject to a stay pending the resolution of this litigation. Faced with that controlling precedent, Feldman agreed to the entry of such a stay, pending the resolution of this case, though he requested and received the right to move for relief from the stay with thirty days' notice. The state court entered a stay order with that language.

As explained herein, the motion to intervene is untimely. Feldman has known about this case, and its potential effect on his legal rights, since its inception. That knowledge notwithstanding, Feldman had not previously moved to intervene in this case. Rather, Feldman contends, he realized the need to intervene only after reading this Court's June 19, 2009 Order denying a motion to compel in this case. That contention, put charitably, is shockingly implausible — and, even if true, is compelling evidence of a failure to properly monitor this litigaiton.

---

[1] It is well established under Florida law that when a state and federal court have concurrent jurisdiction in a case involving substantially the same parties and subject matter, a subsequently filed state court action should be stayed pending final disposition of the previously filed federal action. *See Wade v. Clower*, 114 So. 548, 549 (Fla. 1927); *Pilevsky v. Morgans Hotel Group Mgmt., LLC*, 961 So. 2d 1032, 1034-35 (Fla. 3d DCA 2007). Although trial courts have broad discretion in granting or denying such stays, *see Sauder v. Rayman*, 800 So. 2d 355, 358 (Fla. 4th DCA 2001) (citations omitted), "it is nonetheless an abuse of discretion to refuse to stay a subsequently filed state court action in favor of a previously filed [federal] action" involving the same parties and substantially the same issues. *Pilevsky*, 961 So. 2d at 1034-35 (granting certiorari, quashing order denying motion to stay, and finding that a "trial court departs from the essential requirements of law by failing to grant such a stay, when the first-filed lawsuit involves substantially similar parties and substantially similar claims") (citations omitted).

Feldman has had the means and opportunity to follow this litigation closely.  Indeed, it was his responsibility to do so — a responsibility that he implicitly recognized by negotiating for the right to move for relief from the state court stay on thirty days' notice.  In addition to monitoring the docket, there was nothing prohibiting a call, e-mail or letter to the lawyers in this action — on either side of the caption — inquiring as to the status of the case.  In any event, the docket in this case plainly reveals what has transpired in this case both before and after June 19.  Having made little if any attempt to stay so informed — except, of course, when it came time to show up at mediation — Feldman and his counsel cannot now move to intervene at this late date and stage of the case.

Indeed, this delay will severely prejudice the parties to this litigation. Feldman seeks to not only disrupt a good faith arms-length settlement that is in everyone's best interests, but he seeks to shut down a case that has been pending for over a year, where discovery has concluded, and with a date set for trial.  Among its many benefits, the settlement will serve to avoid the additional expenditure of time, money and resources by the individual Defendants, allowing them to focus their energies on what is important — managing BankAtlantic during these most difficult economic times. Feldman, by contrast, will suffer no prejudice by denying the motion to intervene, as he retains his standing to object to the settlement if he chooses to do so.  In fact, the concocted claims of prejudice only illustrate the untimeliness of this motion.

The motion must also be denied because it does not establish inadequate representation of the proposed intervenor's interest.  Indeed, because Feldman's interests are exactly aligned with those of the Plaintiff in this case, the representation is presumed adequate.  Even, however, without the presumptive benefit, Feldman cannot establish that the representation in this case was inadequate, certainly not simply because he disagrees with the particular litigation tactics that were employed.

This Plaintiff deposed BankAtlantic's President, the current and former Chief Financial Officers, and the former Vice President of Commercial Real Estate. The records from these depositions reveal this case to have no basis in fact or law. Thus, the Plaintiff's counsel's decisions to settle the case was unquestionably in the best interests of the Plaintiff and the nominal Defendant, and was certainly both reasonable and appropriate. The argument that document discovery would have proved otherwise is conclusory. It is also nothing more than a request to embark on a fishing expedition, with the hope that the corresponding burdens would help extort a better settlement. The motion to intervene should be denied.

## II.     Argument — The Motion to Intervene Should Be Denied.

### A.     Feldman Is Not Entitled to Intervene of Right.

In order for a party to intervene as a matter of right under Rule 24(a), it must establish: (1) the application to intervene is timely; (2) the party has an interest relating to the property or transaction which is the subject of the action; (3) the party is situated so that disposition of the action, as a practical matter may impede or impair its ability to protect that interest; and (4) the party's interest is represented inadequately by the existing parties to the suit. *Davis v. Butts*, 290 F.3d 1297, 1300 (11th Cir. 2002); *Angel Flight of Georgia, Inc. v. Angel Flight of America, Inc.,* No. 07-11124, 2008 WL 902982 (11th Cir. 2008). A movant bears the burden of establishing a purported right to intervene. *United States v. Texas Eastern Transmission Corp.* 923 F.2d 410, 413 (5th Cir. 1991).

#### 1.     The Motion is Untimely.

An untimely motion to intervene must be denied. *See NAACP v. New York,* 413 U.S. 345, 365 (1973). "[T]he purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *United States v. South Bend Community School*

*Corporation*, 710 F.2d 394, 396 (7th Cir. 1983).  When assessing the timeliness of a motion brought

under Rule 24(a), a district court must consider four factors: (1) the length of time during which the

would-be-intervenor knew or reasonably should have known of his interest in the case before he

petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the

would be intervenor's failure to apply as soon as he reasonably knew or should have known of his

interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the

existence of unusual circumstances militating either for or against a determination that the

application is timely. *United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir 1983); *see*

*also Campbell v. Hall-Mark Electronics Corp.*, 808 F.2d 775, 777 (11th Cir. 1987).

Here, an examination of these factors demonstrates convincingly that the attempt to intervene

is untimely. Feldman knew about this case and its potentially preclusive effect from the outset.  He

even negotiated for the right to move for relief from the state court stay with thirty days' notice. Yet

he never moved to intervene.[2/]

Clearly, and for reasons unknown, Feldman did not closely monitor the progress of this

litigation.  The suggestion that he just recently learned of the status of this litigation, even if true, is

compelling evidence of a failure to properly monitor the litigation.  Glancing occasionally at the

docket sheet is plainly insufficient, and certainly is not an excuse for this sort of eleventh-hour filing.

Indeed, counsel had every opportunity to contact counsel in this case — by any of the countless

means available today — to inquire as to the status of the litigation.[3/]

---

[2/] Defendants do not contest that Feldman has an interest in this case.  Indeed, that is precisely
why the motion is untimely.

[3/] In light of the foregoing, it is impossible to take Feldman's assertion that he is "motivated"
seriously. More likely, it seems, is that the motion has nothing to do with the interests of the nominal

Moreover, even a cursory review of the docket sheet in this case would have reasonably prompted a genuinely concerned potential intervenor to move long ago. Indeed, the lack of document discovery was revealed by the motion extend all pretrial deadlines in this case, which was filed well before the discovery cut off. Furthermore, the scheduling order itself, which was entered back in September 2008, set forth the pertinent deadlines and dates in this case. The status of this case should have been reasonably apparent long ago, and would have been plainly evident had counsel made the slightest effort to communicate with the counsel in this case.

In sum, the sudden expression of an urgent need to intervene in this litigation is belied by the record and common sense.[4] Undeniably, this motion was filed in order to stop the current settlement, with the hope of extorting a better one. The law does not allow for intervention in such a circumstance. *See Heartwood Incorporated v. United States Forest Service*, 316 F.3d 694, 701 (7th Cir. 2003) (*"*that the prospective intervenor waited until settlement was imminent strongly suggests that [the prospective intervenor] was not interested in intervening in the *litigation* but in blocking a settlement between the parties — or at a minimum, this settlement"); *Federal Trade Commission v. Jordan Ashley, Inc.*, No. 93-2257, 1995 WL 792076 (S.D. Fla. 1995) ("difficult to see how [proposed intervenor] is suddenly prejudiced by being denied intervention when she consistently refused to enter the action when given the opportunity"); *Stewart v. Rubin*, No. 96-5377, 1997 WL 369455 (C.A.D.C. 1977) (denying motion to intervene following settlement where would be intervenors were aware of suit and its potential repercussions for substantial amount of time).

---

defendant, and everything to do with stopping a settlement that does not reward the lawyers.

[4] It is also worthy of note that upon learning of the lack of document discovery, Feldman did not file a motion to intervene, but instead inquired about showing up at the mediation.

Furthermore, intervention at this late stage of the case, after the inexcusable delay, would severely prejudice the parties to this matter. This case has been litigated for over a year, during which time the parties have relied on the actions of the other in formulating their positions. Key depositions have been taken and discovery is now closed. And, the parties have reached a reasonable settlement of this matter. Appropriately, that settlement affords BankAtlantic and its management the opportunity to get back to running the bank in an extremely difficult economic environment. Allowing intervention and the resulting do-over of this case, after the proposed intervenor sat on his hands, would severely prejudice the parties, particularly the corporate defendant, who would likely have to spend countless hours and tens of thousands of dollars litigating matters which are properly the subject of this litigation.[5] *See United States v. Borge*, 249 F.R.D. 387, 389-90 (S.D. Fla. 2008) (prejudice caused by intervention after discovery cut off weighed against intervention at late stage of litigation).

On the other hand, denying the intervention motion will not prejudice Feldman. Indeed, even if the motion is denied, Feldman will still have the right to object to the settlement and the further right of appeal. *See Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002) (intervention not necessary for unnamed class member to appeal the denial of any objection to settlement). Feldman's prejudice arguments, *see* Motion at 5, raise issues which have existed from the very moment the state court litigation was stayed — highlighting the untimeliness of his motion. Moreover, even if his motion to intervene were granted, Feldman would not be entitled to the stay he seeks (and which he claims motivates this motion in the first instance), as the exceptional circumstances warranting such

---

[5] The suggestion that the related securities litigation, which is proceeding on a completely different time schedule, somehow justifies restarting this case evidences a cosmic misunderstanding of the discovery and other issues involved in that litigation.

extraordinary relief simply are not present in this case.  There can be no prejudice resulting from denial of relief to which one is not entitled.

This Court should deny the motion to intervene and allow the settlement process, which may include Feldman's objections thereto, to proceed.

### 2.      All Interests Are Adequately Represented In This Case.

When applicants for intervention seek to achieve the same objectives as an existing party, the existing party is presumed to represent the applicants' interest adequately. *See Athens Lumber Co. v. Federal Election Comm'n,* 690 F.2d 1364, 1366-67 (11th Cir. 1982).  Here, Feldman admits to having the same interests as the Plaintiff in this case.  Accordingly, the representation in this case is presumed adequate.

Even absent that presumption, however, Feldman cannot demonstrate that his interests have not been inadequately represented.  Instead, he sets forth speculation combined with hindsight driven arguments about legal strategies and tactics.  But a different view of the case, or even a want to have used a different strategy or tactic, does not make a case for inadequate representation.  *See Bumgarner v. Ute Indian Tribe of the Uintah and Ourray Reservation,* 417 F.2d 1305, 1308-09 (10th Cir. 1969) (fact that proposed intervenor would have handled suit differently was not enough to challenge adequacy of representation); *Orange Environment, Inc. v. County of Orange,* 817 F. Supp. 1051, 1061 (S.D.N.Y. 1993), *aff'd*, 2 F.3d 1235 (2d Cir. 1993).[6]

_____

[6] Proposed Intervenor's reliance on the note to Rule 24 does not contemplate a situation like the present one where the motion is untimely and the basis for the supposed intervention is nothing more than a disagreement with the view of the case or litigation tactics.

Thus, this belated attempt to enter into this litigation and second guess the discovery tactics is not a basis for intervention.[7]  In any event, there has been no showing — nor could there be — that document discovery would have accomplished anything other than unnecessarily running up the costs and burdens on all of the parties.  And, those arguments regarding document discovery are similarly speculative and inadequate.

Plaintiff deposed Jarett Levan, BankAtlantic's President, as well as James White and Valerie Toalson, BankAtlantic's former and current Chief Financial Officers, respectively. Plaintiff also deposed Marcia Snyder, BankAtlantic's former Vice President of Commercial Real Estate during the relevant time period.  These witnesses testified extensively on the central issues in this case, including underwriting, accounting, and the relevant public disclosures.[8]  That testimony provided ample basis for Plaintiff to conclude what Defendants had maintained all along — the best interests of the corporate Defendant would be served by ending this disruptive litigation.

---

[7] The personal attacks against Plaintiff change nothing, and are unsupported.

[8] The Fifth Circuit has flatly rejected the argument, advanced here by Plaintiff, that the decision to settle the case is inadequate merely because of the minimal amount of formal discovery:

> At the outset we consider this an appropriate occasion to express our concern over the common belief held by many litigators that a great amount of formal discovery must be conducted in every case. Often has this Court reviewed records of cases which attest to this commonly held fallacy. We have often seen cases which were "over discovered." In addition to wasting the time of this Court, the parties and the attorneys, it often adds unnecessarily to the financial burden of litigation and may often serve as a vehicle to harass a party.

*Cotton v. Hinton*, 559 F.2d 1326, 1332 (5th Cir. 1977); *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 211 (5th Cir. 1985) (rejecting argument that representation by class counsel was inadequate because they settled case without conducting discovery).

**B.     Feldman Is Not Entitled to Permissive Intervention.**

The dispirited request for permissive intervention is also without merit. Rule 24(b) intervention is discretionary. Thus, even if the requirements of the rule are satisfied, a court may still deny the motion. *See Davis,* 290 F.3d at 1299. Here, the elements of timeliness, undue delay and prejudice all compel denial of the request for permissive intervention.

**III.     There Is No Basis to Stay This Action.**

The motion requests intervention "for the limited purpose of staying the instant federal derivative action" in favor of his later filed state court action. Motion at 1. The attempt to downplay the significance of the intrusion highlights the extraordinary nature of the relief sought, further illustrating why the motion should be denied. It is well settled that a stay of federal court litigation in favor of state court litigation is appropriate in only the most exceptional circumstances. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976); *Noonan South, Inc. v. The County of Volusia*, 841 F.2d 380, 381 (11th Cir. 1988) ("The most important requirement underlying a district court's analysis of whether there exist exceptional circumstances sufficient to warrant dismissal is that the circumstances be *exceptional"*). Indeed, federal courts have a "virtually unflagging obligation . . . to exercise jurisdiction given to them." *Id.*

Here, none of the very narrow and exceptional circumstances are present. Feldman does not even attempt to argue otherwise. The state court complaint was filed *after* this litigation. The stay of the state court case pending the outcome of this case correctly expresses the strong rule of law in Florida that the state court proceedings are to defer to the resolution of this federal proceeding, and not vice-versa. Furthermore, this case has progressed for over a year while the state court case has remain stayed, during which time discovery in this matter has closed and the case was set for trial

10

before it was settled.  Now, with a settlement pending, there is absolutely no basis for the contention

that this court should take the "extraordinary" step of stopping this case in its tracks. *Noonan*, 841

F.2d at 383.

**IV.     Conclusion**

For the foregoing reasons, the motion to intervene and to stay this litigation should be denied.


Respectfully Submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:  (305) 789-3200
Facsimile:   (305) 789-3395

s/ Eugene E. Stearns
EUGENE E. STEARNS
Florida Bar No. 149335
estearns@stearnsweaver.com
RICHARD JACKSON
Florida Bar No. 898910
rjackson@stearnsweaver.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@stearnsweaver.com
GORDON M. MEAD, JR.
Florida Bar No. 49896
gmead@stearnsweaver.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2009, I electronically filed the foregoing document with

the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served

this day on all counsel of record identified on the attached Service List via transmission of

Notices of Electronic Filing generated by CM/ECF or other approved means.


                                                    s/ Gordon M. Mead
                                                    GORDON M. MEAD

## SERVICE LIST

*D. W. Hugo v. Alan B. Levan, et al.*
CASE NO. 08-61018-CIV-UNGARO
United States District Court for the Southern District of Florida

James P. Gitkin
Eric T. Salpeter
SALPETER GITKIN, LLP
Museum Plaza - Suite 503
200 South Andrews Avenue
Fort Lauderdale, FL 33301
Tel: (954) 467-8622
Fax: (954) 467-8623
*Attorneys for Plaintiff*

Jeffrey J. Angelovich
NIX, PATTERSON & ROACH, LLP
3600 B. North Capital of Texas Highway
Suite 350
Austin, TX 78746
Tel: (512) 328-5333
Fax: (512) 328-5335
*Attorneys for Plaintiff*

Bradley E. Beckworth
Susan Whatley
NIX, PATTERSON & ROACH, LLP
205 Linda Drive, PO Box 769
Daingerfield, TX 75638
Tel: (903) 645-7333
Fax: (903) 645-5389
*Attorneys for Plaintiff*

John C. Goodson
KEIL GOODSON, P.A.
406 Walnut Street
PO Box 618
Texarkana, AR 71854
Tel: (870) 772-4113
Fax: (870) 773-2967
*Attorneys for Plaintiff*

Kenneth J. Vianale
VIANALE & VIANALE, LLP
2499 Glades Road, Suite 112
Boca Raton, Florida 33431
Tel: (561) 392-4750
Fax: (561) 392-4775
*Attorneys for Proposed Intervenor Albert Feldman*

William B. Federman
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Tel: (405) 235-1560
Fax: (405) 239-2112
*Attorneys for Proposed Intervenor Albert Feldman*