UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CV-61018-UNGARO/SIMONTON

D.W. HUGO, Derivatively on behalf of
Nominal Defendant BANKATLANTIC
BANCORP, INC.,
    Plaintiff,

v.

ALAN B. LEVAN, JARETT S. LEVAN,
JAY C. MCCLUNG, MARCIA K. SNYDER,
VALERIE TOALSON, JAMES A. WHITE,
JOHN E. ABDO, D. KEITH COBB, STEVEN
M. COLDREN and DAVID A. LIEBERMAN,

    Defendants,

and

BANKATLANTIC BANCORP, INC.,
    Nominal Defendant.
_____/

## ORDER ON MOTION FOR INTERVENTION

THIS CAUSE is before the Court upon the Albert R. Feldman's Motion to Intervene and Stay Proceedings, filed on July 8, 2009 (D.E. 59). Both Plaintiff and Defendants oppose the Motion. (D.E. 64, 65.)

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises. By way of background, Plaintiff commenced this shareholder derivative action (the "Federal Action") on July 2, 2008. On October 1, 2008, Albert R. Feldman ("Feldman") commenced a shareholder derivative action against the same defendants in state court (the "State Action"). Because Florida law provides for a stay of later-filed, related cases, Feldman sought a stay of his State Action pending the outcome of this Federal Action on the *proviso* that he could move to lift the stay upon 30-days notice to the defendants. (*See* Mot. 2.) Feldman gave notice of his intent to lift the stay on July 2, 2009. (*Id.*)

On July 1, 2009, the Plaintiffs and Defendants reached a settlement agreement in the

Federal Action, and seven days later, Feldman filed his Motion to Intervene.[1] (D.E. 59 and 60). In his Motion, Feldman seeks an Order from this Court allowing him to intervene in this Federal Action for the limited purposes of staying this action while he prosecutes his related State Action. Feldman argues that (i) his Motion is timely because it was filed shortly after he learned that the Plaintiff had not pursued formal document discovery in the Federal Action, (ii) he will suffer prejudice if his Motion is denied because the result in the Federal Action may have a binding effect on BankAtlantic's claims, (iii) he has an interest in this Federal Action because he–like Plaintiff–is a shareholder of BankAtlantic, and (iv) the Plaintiff does not adequately represent BankAtlantic's interests in the Federal Action.

Rule 24 of the Federal Rules of Civil Procedure governs the two types of intervention: intervention of right (Rule 24(a)) and permissive intervention (Rule 24(b)). Under both Rule 24(a) and Rule 24(b), a party's application to intervene must be timely. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). "Timeliness" is not a precise measurement, but is a determination made upon consideration of the following factors:

(1) the length of time the proposed intervenor knew about his interest in the action before he petitioned for leave to intervene;
(2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply for intervention as soon as he knew about his interest;
(3) the extent of prejudice to the proposed intervenor if his motion is denied; and
(4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Campbell v. Hall-Mark Elecs. Corp.*, 808 F.2d 775, 777 (11th Cir. 1987).

In this case, Feldman knew about his interest in the Federal Action, and its potential effect on his State Action, as early as October 1, 2008, and even negotiated for a stay of the State Court action pending the outcome of the Federal Action. However, he did not seek to intervene until July 8, 2009 – nearly nine months later and seven days after the Plaintiff and Defendants

---

[1] Although the parties' notice of settlement was not filed until July 8, 2009 (D.E. 58), the settlement was a result of a mediation held on July 1, 2008, which Feldman's attorney attended. (*See* D.E. 6 at 14; *see also* D.E. 55.)

reached a settlement agreement that he objects to. (*See* Feldman's Opposition to the Parties' Joint Motion to Preliminary Approval of Settlement, D.E. 72.) Thus, it appears to the Court that Feldman deliberately chose to stay his State Action to wait and see what would happen in the Federal Action, sat on the sidelines for nearly nine months, and only chose to get involved in the Federal Action when he disagreed with the direction the Federal Action was taking. *Cf. In re Ambac Fin. Group, Inc. Derivative Litig.*, 257 F.R.D. 390 (S.D.N.Y. 2009) (finding that plaintiffs in a state shareholder derivative action timely moved to intervene in a federal shareholder derivative action where the motion was made soon after the state action was stayed and the federal action was not in its advanced stages). Additionally, the extent of prejudice to the parties in the Federal Action would be great if the Court permitted Feldman to intervene at this late stage in the proceedings. This case has been pending for over a year, discovery is closed, and the parties have reached a settlement. Feldman's intervention would jeopardize that settlement and cause undue delay for the limited purpose of staying the case while he prosecutes his State Action. *See Campbell v. Hall-Mark Elec. Corp.*, 808 F.2d 775, (11th Cir. 1987) (finding that a motion to intervene was untimely where a settlement agreement had already been reached). Moreover, any prejudice to Feldman is slight where denial of his Motion to Intervene does not divest him of his ability to object to the settlement in this case. For the foregoing reasons, the Court finds that Feldman's Motion is untimely.

Assuming, however, that Feldman's Motion *is* timely, the Court finds that intervention is not appropriate because Feldman is adequately represented. When a proposed intervenor shares the same objective as the plaintiff, the court presumes that the plaintiff is an adequate representative. *See Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982); *see also United States v. Jefferson County*, 720 F.2d 1511, 1517 (11th Cir. 1983) (noting that where a proposed intervenor's interest is identical with a party, he is "consequently" adequately represented). Feldman argues that BankAtlantic's interests have not been adequately represented because the Federal Action Plaintiff took only deposition testimony before settling

the case. A disagreement with the view of the case or litigation tactics, however, does not mean BankAtlantic's interests are not adequately represented. Feldman's arguments about what formal written discovery would have shown is speculation. Accordingly, the Court finds that Feldman is not entitled to intervene as a matter of right under Rule 24(a), and the Court declines to grant permissive intervention in light of the advanced stage of this litigation. It is hereby

ORDERED AND ADJUDGED that the Motion (D.E. 59) is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida, this 1st day of September, 2009.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record