IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| D.W. HUGO, Derivatively on Behalf of Nominal Defendant BANKATLANTIC BANCORP, INC., <br>     Plaintiff, <br> v. <br><br> ALAN B. LEVAN, JARETT S. LEVAN, JAY C. MCCLUNG, MARCIA K. SNYDER, VALERIE TOALSON, JAMES A. WHITE, JOHN E. ABDO, D. KEITH COBB, STEVEN M. COLDREN and DAVID A. LIEBERMAN, <br>     Defendants, <br> And <br><br> BANKATLANTIC BANCORP, INC., <br>     Nominal Defendant. | § § § § § § § § § § § § § § § § CASE NO. 08-CV061018 <br> UNGARO/TORRES |

### PLAINTIFF'S SUPPLEMENT TO MOTION FOR FINAL APPROVAL OF SETTLEMENT

                                        SALPETER GITKIN, LLP
                                        James P. Gitkin
                                        Eric T. Salpeter
                                        Museum Plaza—Suite 503
                                        200 South Andrews Avenue
                                        Fort Lauderdale, FL 33301
                                        Telephone: (954) 467-8622
                                        Facsimile: (954) 467-8623

                                        *Attorneys for Plaintiff*

                                        [Additional Counsel Appear On Signature Page]

COMES NOW Plaintiff D.W. Hugo, Derivatively on Behalf of BankAtlantic Bancorp, Inc., and files this Supplement to Motion for Final Approval of Settlement, and would show the Court as follows:

## I. PROCEDURAL BACKGROUND

On July 8, 2009, the parties advised the Court this case had settled subject to notice to shareholders and approval of the Court. (Dkt. # 58). On August 24, 2009, the parties filed a Joint Motion for Preliminary Approval of the proposed settlement. (Dkt. # 71). On September 30, 2009, the Court rendered and entered its Preliminary Approval Order, granting preliminary approval of the settlement, directing notice to shareholders and setting a final approval hearing for November 20, 2009. (Dkt. # 80).

On November 13, 2009, the parties filed a Joint Motion for Final Approval of Settlement. (Dkt. # 84). The final approval hearing occurred on November 20, 2009 (Dkt. # 84). Counsel for Plaintiff, Defendants and a single objector, Albert R. Feldman, appeared at the final approval hearing. (*Id.*). The Court took the motion for final approval under advisement. (*Id.*). On November 25, 2009, the Court overruled the objections to the settlement lodged by Mr. Feldman. (Dkt. #89).

On November 30, 2009, Defendants advised the Court that, following the final approval hearing, Defendants identified emails between officers of BankAtlantic Bancorp—which had been produced in *In Re BankAtlantic Bancorp, Inc. Securities Litigation*, No. 07-61542-Civ-Ungaro (S.D. Fla.) ("*Hubbard*")—Defendants believed Plaintiff should review prior to a ruling on final approval. (Dkt. # 91). Defendants requested the Court delay ruling on the Joint Motion for Final Approval of Settlement until such time that Plaintiff counsel had received and reviewed

the *Hubbard* documents, and the parties determined how to proceed. (*Id*.). The Court granted that request the same day. (Dkt. # 92).

On December 11, 2009, the parties informed the Court they had reached an agreement whereby Defendants would produce to Plaintiff's counsel all of the discovery materials and depositions transcripts in the *Hubbard* action. (Dkt. # 94). Therein the parties requested the Court deny as moot the Joint Motion for Final Settlement Approval and stay this case until the conclusion of discovery in the securities fraud action. (*Id.*). The Court granted the requested relief on January 4, 2010. (Dkt. # 99).

## II.     EVENTS OCCURRING AFTER JANUARY 4, 2010

In accordance with the parties' agreement, Defendants provided to Plaintiff's counsel almost 2,000,000 pages of documents produced and 28 transcripts of depositions taken in the *Hubbard* action. Plaintiff's counsel completed a diligent review of the documents and deposition transcripts produced.

Trial in the *Hubbard* action on began on October 12, 2010 and the jury returned its verdict on November 18, 2010. The verdict returned was mainly in Defendants' favor, finding no liability as to Defendants Jarrett Levan, Abdo and White. The jury found liability as to Defendants Alan Levan and BankAtlantic on a limited number of statements, as to Toalson on a single statement, and awarded damages arising from those statements. On April 25, 2011, the Court granted Defendants' Motion for Judgment as a Matter of Law as to all Defendants and all claims finding, *inter alia*, the evidence at trial did not support the jury's verdict.

On May 6, 2011, the Court held a status conference in this action to determine the parties' intent in light of the jury's verdict and the April 25, 2011, *Hubbard* Order. (Dkt. # 123).

3

During the conference Plaintiff's counsel stated that dismissal of certain Defendants would be appropriate given the jury's verdict and defense counsel stated its intent to move for summary judgment in favor of all other Defendants on all claims.  The Court ordered the parties to confer on a procedure to effect the matters discussed, to prepare a briefing schedule and to appear on May 25, 2011 for an additional status conference to advise the Court of the results of the parties' conference.  (Dkt. # 122).

During the May 25, 2011 scheduling conference, the parties informed the Court of their intent to move forward with the settlement and requested the Court grant their Joint Motion for Final Approval of Settlement.  The Court requested that Plaintiff file a supplement to the Joint Motion for Final Approval of Settlement no later than June 6, 2011.  (Dkt. # 124).

### III.   THE SETTLEMENT SHOULD BE FINALLY APPROVED

As the parties already have provided the Court with substantial briefing and evidence in support of final approval (*see* Dkt. # 84), Plaintiff will not repeat that discussion.  However, events occurring since the matter was first before the Court further strengthen the conclusion that the proposed settlement is fair, reasonable and adequate.  Specifically, the relevant factors implicated are (1) the stage of proceedings at which the settlement was achieved; (2) the likelihood of success at trial; and (3) the substance and amount of opposition to the settlement.  *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

First, although the parties advised the Court of the proposed settlement on July 8, 2009, significant discovery has occurred since that time.  Specifically, Defendants produced to Plaintiff's counsel almost 2,000,000 pages of documents and 28 deposition transcripts from the *Hubbard* action.  Plaintiff's counsel undertook a complete and diligent review of that discovery.

After reviewing almost 2,000,000 pages of documents and 28 deposition transcripts, and with this litigation at a more advanced stage, Plaintiff and Plaintiff's Counsel continue to support the proposed settlement as fair, reasonable and adequate.

Second, the risks associated with continuing this litigation have increased. While derivative actions in general are complex, difficult and expensive to prosecute, the *Hubbard* jury verdict and subsequent grant of Defendants' Motion for Judgment as a Matter of Law have increased and highlighted those risks. The *Hubbard* verdict absolved three of the primary Defendants in this action from liability for securities fraud, and the granting of Defendants' Motion for Judgment as a Matter of Law absolved two more. Additionally, among the documents produced to Plaintiff were a November 30, 2005 and November 30, 2007, Office of Thrift Supervision Report of Examination. The 2005 report indicated that BankAtlantic's loan underwriting and concentration was appropriate. The 2007 report indicated that BankAtlantic's loan losses were caused by the economy generally. These reports, which were provided directly to BankAtlantic's executives by the Office of Thrift Supervision, but not available to the public, make it extremely difficult to establish breaches by BankAtlantic's executives.

Coupled with the foregoing risks is the difficulty associated with overcoming the protection afforded by the business judgment rule. The proposed settlement eliminates these and other risks of continued litigation. As significantly, because this action is brought derivatively on behalf of BankAtlantic, the corporation also avoids the significant risks and cost of continued litigation, which also benefits shareholders.

Third, the lone objection to the proposed settlement already has been overruled. As the Court is aware, on October 1, 2008, the action *Feldman v. Levan*, Case No. 08-1077, was filed in

5

the Circuit Court of Broward County, Florida ("State Action").  On the same date the parties advise the Court of the proposed settlement, Mr. Feldman filed a Motion to Intervene and Motion to Stay Pending Outcome of Related State Court Derivative Case.  (Dkt. # 59).  Thereafter, on August 26, 2009 and November 6, 2009, Mr. Feldman filed Memoranda in Opposition to the parties' request for preliminary approval, containing his objections to the proposed settlement. (Dkt. # 72, 83).  Although the Court denied the Motion to Intervene (Dkt. # 73) and overruled Mr. Feldman's objections (Dkt. # 89), it is worth noting that the primary basis for Mr. Feldman's complaints no longer exists.

Mr. Feldman argued BankAtlantic's interests had not been adequately represented because Plaintiff took only deposition testimony before settling the case, had not obtained document discovery and the appropriate remedy was to stay this case and allow him to prosecute the State Action.  (*See* Dkt. # 59, 72, 83).  Plaintiff's counsel's receipt and review of the entirety of discovery in the *Hubbard* action removes those concerns.

Moreover, Mr. Feldman has shown no interest in prosecuting the State Action, contrary to his representations to this Court.  Mr. Feldman voluntarily agreed to stay the State Action shortly after it was filed.  (*See* Dkt. # 59).  Pursuant to the agreed stay, Mr. Feldman had the right to move to lift the agreed stay with 30 days' notice to the defendants.  (*Id*.)  In response to the settlement of the instant action, Mr. Feldman provided defendants the required notice on July 2, 2009.  *Id.*  Significantly, however, Mr. Feldman did nothing more.  Mr. Feldman did not file the requisite motion to lift the stay, nor has he taken any action in the State Action since October 2008.  *See* Exh. 1 attached hereto (State Action docket sheet).  Thus, Mr. Feldman's stated interest in litigating the State Action has been shown to be illusory.

### IV.     ADDITIONAL NOTICE IS NEITHER NECESSARY NOR REQUIRED

During the May 25, 2011 status conference, the Court inquired whether additional notice to BankAtlantic shareholders was necessary or required. The parties' position was, and continues to be, that no additional notice is required because the terms of the proposed settlement have not changed, in any manner, since notice was provided.

Rule 23.1 of the Federal Rules of Civil Procedure provides that a "[n]otice of a proposed settlement…must be given to shareholders or members in the manner that the court directs." Thus, the determination of whether additional notice is required is within the discretion of the Court. Although neither Rule 23 nor Rule 23.1 speak to the requirement of additional notice, interpretive case law makes clear that additional notice is required only when the interests of the class have been materially or substantially impaired since the original notice was disseminated. *See, e.g., In re Packaged Ice Antitrust Litig.*, Case No. 08-MD-01952, 2011 U.S. Dist. LEXIS 17255, *29-31 (E.D. Mich. Feb. 22, 2011) (additional notice informing class members of the plan of allocation and providing a claim form was required when not contained in the original notice); *Weber v. Gov't Employers Ins. Co.*, Civil No. 07-1332, 2009 U.S. Dist. LEXIS 70143, *5-13 (D.N.J. Aug. 11, 2009) (requiring additional notice when the original notice campaign was found ineffective and the rights of the class would be substantially impaired unless additional notice was provided).

Conversely, when the interests of the class are minimally impacted, or not impacted at all, by events subsequent to dissemination of the original notice, additional notice is neither necessary nor required. *See, e.g., Seamands v. Sears holding Corp.*, No. 09-cv-02054, 2010 U.S. Dist. LEXIS 62770, *8-9 (D. Kan. June 24, 2010) (allowing modification of proposed class

settlement agreement prior to final judgment "without giving any additional notice to the Class…, provided that such modifications in the aggregate are not materially adverse to the Class."); *Harris v. Graddick*, 615 F. Supp. 239, 244 (M.D. Ala. 1985) (amendment to consent decree did not require additional notice when the amendment was narrow and it was "clearly apparent that the interests of the class [we]re not substantially impaired....")

In this case the parties disseminated notice in the manner and form approved by the Court to all BankAtlantic shareholders. All shareholders were provided the opportunity to object to or comment on the proposed settlement. There have been no modifications or changes to the terms of the proposed settlement since that notice was disseminated. As a result, the interests of the Class could not have been impacted in any manner, let alone materially or substantially. Plaintiff respectfully submits that additional notice is neither necessary nor required.

## V.     Conclusion

For the foregoing reasons and on the foregoing authorities, as well as those set forth in the Joint Motion for Final Approval of Settlement (Dkt. # 84), Plaintiff respectfully requests the Court grant final approval, and enter the proposed Final Approval Order and Judgment of Dismissal With Prejudice.

DATED:  June 3, 2011

Respectfully Submitted,

**SALPETER GITKIN, LLP**


By: s/ James P. Gitkin
    James P. Gitkin (Fla. Bar #570001)
    jim@salpetergitkin.com
    Eric T. Salpeter (Fla. Bar #178209)
    eric@salpetergitkin.com
    Museum Plaza – Suite 503
    200 South Andrews Avenue
    Fort Lauderdale, FL 33301
    Telephone: (954) 467-8622
    Facsimile: (954) 467-8623

*Counsel for Plaintiff*

**NIX, PATTERSON & ROACH, LLP**
Jeffrey J. Angelovich
3600 B. North Capital of Texas Highway
Suite 350
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335

**NIX, PATTERSON & ROACH, LLP**
Bradley E. Beckworth
Susan Whatley
Brad Seidel
205 Linda Drive, P.O. Box 679
Daingerfield, TX 75638
Telephone: (903) 645-7333
Facsimile: (903) 645-4415

**KEIL GOODSON, P.A.**
John C. Goodson
Matt Keil
406 Walnut **Error! MergeField was not found in header record of data source.**P.O. Box 618
Texarkana, AR 71854
Telephone: (870) 772-4113
Facsimile: (870) 773-2967

**NELSON, ROSELIUS, TERRY, O'HARA & MORTON**
Jason E. Roselius
Douglas A. Terry
Derrick L. Morton
Guy R. Wood
P.O. Box 138800
Oklahoma City, OK 73113
Telephone: (405) 705-3600
Facsimile:  (405) 705-2573

*Additional Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on June 3, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or other approved means.

                 s/ James P. Gitkin
                 JAMES P. GITKIN

## **SERVICE LIST**

*D. W. Hugo v. Alan B. Levan, et al.*
CASE NO. 08-61018-CIV-UNGARO/TORRES
United States District Court for the Southern District of Florida

Adam M. Schachter
Eugene E. Stearns
Richard Jackson
Gordon M. Mead, Jr.
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395
Attorneys for Defendants

Jeffrey J. Angelovich
NIX, PATTERSON & ROACH, LLP
3600 B. North Capital of Texas Highway
Suite 350
Austin, TX 78746
Tel: (512) 328-5333
Fax: (512) 328-5335
Attorneys for Plaintiff

Bradley E. Beckworth
Susan Whatley
Brad Seidel
NIX, PATTERSON & ROACH, LLP
205 Linda Drive, PO Box 769
Daingerfield, TX 75638
Tel: (903) 645-7333
Fax: (903) 645-5389
Attorneys for Plaintiff

John C. Goodson
KEIL GOODSON, P.A.
406 Walnut Street
PO Box 618
Texarkana, AR 71854
Tel: (870) 772-4113
Fax: (870) 773-2967
Attorneys for Plaintiff

Jason E. Roselius
Douglas A. Terry
Derrick L. Morton
Guy R. Wood
NELSON, ROSELIUS, TERRY, O'HARA & MORTON
P.O. Box 138800
Oklahoma City, OK 73113
Telephone: (405) 705-3600
Facsimile:  (405) 705-2573
Attorneys for Plaintiff